**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 29th day of September, 1995.


American Association of Retired Persons
  and Virginia Citizens Consumer Counsel,                    Appellants,

 against          Record No. 950270
                  S.C.C. Case No. PUC930036

Bell Atlantic-Virginia, Inc.,
 United Telephone-Southeast, Inc.,
 Central Telephone Company of Virginia
and State Corporation Commission,                    Appellees.


Upon an appeal of right from an order entered by the State Corporation Commission on the 18th day of October, 1994.


Upon consideration of the record, the briefs, and the argument of counsel, the Court is of opinion that there is no error in the judgment of the State Corporation Commission.

The Court concludes that the appellants' failure to object before the Commission to the adequacy of notice of the proceedings prevents consideration of this issue on appeal.

The Court also concludes that evidence supports the decision of the Commission, which was acting in its legislative capacity.

Under Code § 56-235.5(B), the Commission must find that four requirements are met prior to replacing the ratemaking methodology set forth in Code § 56-235.2 with any alternative form of regulation. The Commission must find that the alternative form of regulation (1) protects the affordability of local service, (2) assures the continuation of quality service, (3) will not unreasonably prejudice any class of customers, and (4) is in the

public interest.

The testimony of Charles S. Parrott and Robert W. Woltz, Jr. supports the Commission's findings that the affordability of rates is protected and that quality service will continue under the alternative form of regulation. The testimony of Richard D. Emmerson, William Irby, and Larry J. Cody supports the finding that the alternative form of regulation will not prejudice any class of customers. The testimony of Robert G. Harris, Robert Woltz, Jr., and Charles S. Parrott supports the finding that the alternative form of regulation is in the public interest.

The testimony of Robert G. Harris and Richard D. Emmerson supports the Commission's finding that safeguards against cross-subsidization between competitive services and monopoly services exist under the alternative form of regulation. The testimony of Robert D. Willig supports the finding that the yellow pages are a competitive service. The testimony of Robert W. Woltz, Jr. and Larry J. Cody supports the determination that inside-wire maintenance services are competitive. The Court concludes that the evidence in the record establishes that the Commission was authorized under Code § 56-235.5(B) to use the alternative form of regulation in lieu of the ratemaking methodology set forth in Code § 56-235.2.

Because there is evidence to support the Commission's findings, we affirm its judgment. See Hopewell Cogeneration, et al. v. State Corp. Comm'n, 249 Va. 107, 115, 453 S.E.2d 277, 281-82 (1995), Old Dominion Power Co., Inc. of Virginia v. State Corp. Comm'n, 228 Va. 528, 532, 323 S.E.2d 123, 125 (1984). The appellants shall pay to

the appellees thirty dollars damages.

This order shall be certified to the State Corporation Commission and shall be published in the Virginia Reports.

A Copy,

Teste:

David B. Beach,
Clerk